NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4301
_____

JANICE S. HAAGENSEN,
Personal Representative of the Estate of
Myrtle Shelburne Haagensen,
                                        Appellant
v.

MICHAEL J. WHERRY, Visiting Judge,
Lawrence County Court of Common Pleas,
in his official and individual capacities;
BETTY MAY REED; EDWARD ABERSOLD;
ANNIE AND RUFUS K. HERSHBERGER;
RICHARD RAPONE, Tax Collector of Lawrence County;
J.R HARDESTER, Director of Assessments of Lawrence County;
KAREN MAGNONE, Property Tax Collector of North Beaver
Township, in an individual and official capacity

On Appeal from the United States District Court
for the Western District of Pennsylvania
District Court No. 2-14-cv-00495
District Judge: The Honorable Arthur J. Schwab

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
July 13, 2015

Before: SMITH, GREENAWAY, JR., and SHWARTZ, *Circuit Judges.*

(Filed: July 22, 2015)
_____

OPINION[*]
_____

SMITH, *Circuit Judge.*

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant Janice Haagensen is the personal representative of the estate of her mother, Myrtle Haagensen (collectively referred to as Haagensen), who owned approximately 70 acres in Lawrence County, Pennsylvania. The southern border of Haagensen's land abutted parcels of land owned separately by Edward Abersold and Betty May Reed. Reed accessed her land by a driveway that traveled in the vicinity of this border. The driveway also happened to be in the proximity of the municipal boundary line between North Beaver Township on which the Haagensen land was situated and Little Beaver Township where the Abersold and Reed parcels were located. Haagensen filed a quiet title action in state court, alleging that the driveway was in North Beaver Township on Haagensen's land. Abersold, Reed, and Reed's successors Annie and Rufus K. Hershberger, who purchased Reed's farm during the pendency of the quiet title action, asserted the driveway was on their land.

On April 13, 2011, Judge Michael Wherry issued a decision in favor of Abersold, Reed, and the Hershbergers.[1] Judge Wherry concluded that Haagensen had failed to establish a "right to immediate exclusive possession" of the driveway as required to prevail in a quiet title action. A135.

Haagensen appealed, but the Pennsylvania Commonwealth Court dismissed the appeal as untimely. The Pennsylvania Supreme Court denied Haagensen's petition for allowance of appeal.

---

[1] According to a suggestion of death filed on June 4, 2015, Judge Wherry died on or about January 29, 2015. Because no estate has yet to be opened, there is no party to

2

On April 16, 2014, Haagensen filed a complaint in the United States District Court for the Western District of Pennsylvania, alleging civil rights violations. She sued Reed, her successors the Hershbergers, and Abersold (collectively the Neighbor Defendants), and Judge Wherry. In addition, Haagensen sued the Tax Collector of Lawrence County, the Director of Assessments of Lawrence County and the Property Tax Collector for North Beaver Township (collectively the Tax Defendants). All of the defendants filed motions to dismiss the complaint. The Magistrate Judge prepared a report, recommending the dismissal of the complaint based on the *Rooker-Feldman* doctrine.[2] Additionally, the Magistrate Judge concluded that, if the suit was not barred under *Rooker-Feldman*, judicial immunity barred the claim against Judge Wherry. The Magistrate Judge concluded that the action also was barred by the statute of limitations. The District Court adopted the report and recommendation. A timely notice of appeal was filed after the District Court denied a timely motion for reconsideration.[3]

We will affirm the judgment of the District Court.[4] The *Rooker-Feldman* doctrine bars Haagensen's claims against the Neighbor Defendants.[5] *See Great W. Mining &*

---

substitute and we will continue to refer to Judge Wherry. Moreover, because we will affirm the dismissal of all claims, the motion to amend the caption is moot.

[2] The doctrine draws its name from *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

[3] The District Court exercised jurisdiction under 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review of the District Court's application of the *Rooker-Feldman* doctrine. *Turner v. Crawford Square Apartments III, L.P.*, 449 F.3d 542, 547 (3d Cir. 2006). We also exercise "plenary review over an order granting a Rule 12(b)(6) motion." *Mariotti v. Mariotti Bldg. Prods. Inc.*, 714 F.3d 761, 765 (3d Cir. 2013).

[4] We reject Haagensen's contention that the District Court erred by considering the state court opinion and judgment. As the Magistrate Judge explained, consideration of these

*Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (breaking down the holding of *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280 (2005)). The factual allegations strongly support the conclusion that the *Rooker-Feldman* doctrine also bars the claims against Judge Wherry. We need not decide that question, however, as Judge Wherry is absolutely immune from suit. *Gallas v. Supreme Court of Pa.*, 211 F.3d 760, 768-69 (3d Cir. 2000).

As to the Tax Defendants, we are not convinced that *Rooker-Feldman* bars the claims against them. Nonetheless, we may affirm for any reason supported by the record. *Nicini v. Morra*, 212 F.3d 798, 805 (3d Cir. 2000). The complaint does not allege any conduct that would demonstrate that the Tax Defendants deprived Haagensen of her constitutional rights. Thus, we conclude that the claims against the Tax Defendants were appropriately dismissed because they did not assert a claim on which relief may be granted. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (instructing that a "defendant in a civil rights action must have personal involvement in the alleged wrongs").

For the above reasons, we will affirm the judgment of the District Court.

---

documents was permissible because they were items referred to in the Complaint, copies of which were attached for convenience to the motion. A82. *See Pension Trust Fund for Operating Eng'rs v. Mortg. Asset Securitization Transactions, Inc.,* 730 F.3d 263, 271 (3d Cir. 2013); *see also Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994).

[5] The District Court also concluded that the claims against Judge Wherry and the Tax Defendants were barred by *Rooker-Feldman*. The Magistrate Judge concluded that Haagensen's claims were barred because they were "'inextricably intertwined' with the state court action." A85. We reiterate our observation in *Great Western Mining* that in

4



*Exxon Mobil* the Supreme Court did not rely on the "inextricably intertwined" formulation and we again caution against employing that analysis. 615 F.3d at 168-69.