NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 16-1660
_____

JANICE HAAGENSEN,
PERSONAL REPRESENTATIVE OF THE
ESTATE OF MYRTLE SHELBURNE HAAGENSEN,
                                                                     Appellant

v.

BETTY MAY REED; EDWARD ABERSOLD;
ANNIE AND RUFUS K. HERSHBERGER;
RICHARD RAPONE, TAX COLLECTOR OF LAWRENCE COUNTY;
J.R HARDESTER, DIRECTOR OF ASSESMENTS OF LAWRENCE COUNTY;
KAREN MAGNONE, PROPERTY TAX COLLECTOR OF
NORTH BEAVER TOWNSHIP,
IN AN INDIVIDUAL AND OFFICIAL CAPACITY

*Caption Amended Per Clerk's Order of 04/14/2016
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
District Court No. 2-14-cv-00495
District Judge: The Honorable Arthur J. Schwab

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
November 9, 2016


Before: SMITH, *Chief Judge*, McKEE, and RESTREPO, *Circuit Judges*

_____

OPINION[1]

_____

SMITH, *Chief Judge.*

In 2006, Janice Haagensen, as personal representative of her mother's estate, initiated a quiet title action in the Court of Common Pleas of Lawrence County, Pennsylvania. The state court ruled against her in March 2011, concluding that she failed to establish a "right to immediate exclusive possession" as required to succeed in her quiet title action. Her untimely appeal to the Pennsylvania Commonwealth Court was unsuccessful. In December 2011, the Pennsylvania Supreme Court denied her petition for allowance of appeal.

In 2014, Haagensen turned to the federal courts and filed this pro se civil rights action against the neighbor defendants in her state court quiet title action, the state court trial judge who presided over that action, and the tax assessment office and tax collector (tax entities). A district judge in the United States District Court for the Western District of Pennsylvania dismissed her action. He concluded that the *Rooker-Feldman* doctrine[2] barred her action against the neighbor defendants

_____

[1] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[2] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

and the state court judge, and that the statute of limitations barred the claims against the tax entities. Haagensen sought reconsideration, which the District Court denied. Within days, the neighbor defendants moved for sanctions pursuant to the court's inherent power to levy sanctions, claiming that Haagensen initiated this action to "harass her neighbors." *See Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765-66 (1980) (acknowledging that a court may impose sanctions pursuant to its inherent power when a losing party has acted, *inter alia*, vexatiously or for oppressive reasons) (citation omitted). Immediately thereafter, Haagensen filed a notice of appeal. Acknowledging that appeal, the District Court entered a text-only entry on the docket stating: "In light of the appeal filed by Plaintiff, said Motions for Sanctions . . . are dismissed without prejudice pending the resolution of the appeal."

We affirmed the dismissal of Haagensen's claims in their entirety. *Haagensen v. Wherry*, 610 F. App'x 210 (3d Cir. 2015). Relevant to the appeal we now consider, we agreed that *Rooker-Feldman* barred the claims against the neighbor defendants. After our mandate issued, Haagensen filed a petition for a writ of certiorari. Following the Supreme Court's denial of that request, the case returned to the District Court. The neighbor defendants filed their second motion for sanctions asking the court to exercise its inherent power. Haagensen opposed the motion, contending only that the District Court lacked jurisdiction to consider

3

that motion. The Court disagreed and awarded monetary sanctions in the amount of $4,298.40 in attorney's fees and costs. The Court declined, though, to enjoin Haagensen from filing any further pro se pleadings. Haagensen next filed a timely motion for reconsideration, which the District Court denied.

This timely appeal followed. Haagensen does not take issue with the amount of the attorney's fees or the propriety of the sanctions being imposed pursuant to the inherent power of the court. Rather, she contends that the District Court's dismissal under *Rooker-Feldman* for lack of subject matter jurisdiction, as well as our affirmance, deprives the District Court of authority to do anything further in the case.[3] Despite Haagensen's prolix brief in support of her argument, we are not persuaded.

The District Court had federal question jurisdiction over Haagensen's civil rights claims under 42 U.S.C. § 1983 against the neighbor defendants, the state court judge and the tax entities. 28 U.S.C. § 1331. Thereafter, the neighbor defendants raised the *Rooker-Feldman* doctrine in their motion to dismiss. That doctrine bars the District Court from reviewing and rejecting an unfavorable state

---

[3] Ordinarily, we review an award of sanctions for abuse of discretion. *Lazorko v. Pa. Hosp.*, 237 F.3d 242, 248 (3d Cir. 2000). Because Haagensen challenges only the District Court's jurisdiction to award the sanctions, and not the decision to assess the sanctions or the amount, our review is de novo. *See Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 163 (3d Cir. 2010). Inasmuch as the order awarded sanctions in a specific amount, it is a final order, and we exercise appellate jurisdiction under 28 U.S.C. § 1291. *Lazorko*, 237 F.3d at 248.

4

court judgment. *See Exxon-Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 284 (2005). *Rooker-Feldman*'s application, however, is limited to those cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejections of those judgments." *Id.* Thus, *Rooker-Feldman* does not apply "simply because a party attempts to litigate in federal court a matter previously litigated in state court." *Id.* at 293. As a result, courts must scrutinize a plaintiff's federal complaint to determine if the claim at issue is barred by *Rooker-Feldman* or is viable because it is actually "an independent, non-barred claim." *Great W. Mining & Mineral*, 615 F.3d at 166.

Having determined that Haagensen's claim against the neighbor defendants complained of an injury from the state court judgment in the quiet title action, the District Court properly ended its analysis of the merits of her § 1983 claim at that point under the *Rooker-Feldman* doctrine.[4] *Haagensen*, 610 F. App'x at 211. Although barred from reviewing the merits of that claim, *see Exxon-Mobil Corp.*, 544 U.S. at 284, the District Court appropriately exercised its federal question jurisdiction over Haagensen's other § 1983 claims against the tax entities and

---

[4] One of the neighbor defendants was Edward W. Abersold. According to a suggestion of death, Abersold died on July 13, 2016 and no estate has yet to be opened. Under all the circumstances, Haagensen's motion for substitution is denied. Furthermore, because we will affirm the order granting the motion for sanctions, the motion to amend the caption is moot. Haagensen's other motions are denied.

managed other matters separate and distinct from the merits of the claim barred by the *Rooker-Feldman* doctrine, such as the neighbor defendants' motion for sanctions. In light of Haagensen's appeal, the District Court permissibly denied the motion for sanctions without prejudice, thereby allowing the neighbor defendants to renew their request following the conclusion of the appeal. *See* Fed. R. Civ. P. 54(d)(2)(B), (E) (providing that, when the sanctions requested are neither for violation of the rules or under 28 U.S.C. § 1927, a court order may establish when a motion for attorney's fees may be filed).

Our mandate affirming the District Court's judgment on the first appeal returned the case to the District Court for whatever additional proceedings were appropriate or necessary. *See Ostrer v. United States*, 584 F.2d 594, 598 (2d Cir. 1978) ("The effect of the mandate is to bring the proceedings in a case on appeal in our Court to a close and to remove it from the jurisdiction of this Court, returning it to the forum whence it came."). In the absence of a renewed motion for sanctions, the District Court's action would have been to close the civil action in accordance with the mandate as there was nothing more for the court to do. The renewed motion for sanctions, however, raised an issue that the District Court was authorized to resolve. We conclude that the District Court had the authority under § 1331 to resolve this motion for sanctions. *See Willy v. Coastal Corp.*, 503 U.S. 131, 138 (1992) (reiterating that "'[i]t is well established that a federal court may

6

consider collateral issues after an action is no longer pending' . . .[and] therefore does not raise the issue of a district court adjudicating the merits of a 'case or controversy' over which it lacks jurisdiction") (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990); *Cooter & Gell*, 496 U.S. at 396 (concluding that "the imposition of a Rule 11 sanction is not a judgment on the merits of the action" and that it "require[d] the determination of a collateral issue: whether the attorney has abused the judicial process," which "may be made after the principal suit has been terminated"). For that reason, we will affirm the District Court's judgment.